IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **16-cv-00181-JLK**

**MACLEN DOMINGUEZ, a Colorado resident,**

    Plaintiff,

v.

**JF FREIGHT COMPANY, an Illinois resident,**

    Defendant.

## STIPULATED SCHEDULING AND DISCOVERY ORDER

### 1. DATE OF CONFERENCE

The Scheduling Conference held June 30, 2016, was attended by Richard M. Kaudy and Cajardo R. Lindsey on behalf of Maclen Dominguez, plaintiff, and Charles E. Weaver and Andrew Lavin on behalf of defendant J.F. Freight, Inc.

### 2. STATEMENT OF CLAIMS AND DEFENSES

    a. **Plaintiff(s)' statement:**

On Feb. 4, 2013, Maclen Dominguez and Center, Colorado-based crew working for Summit Farms loaded potatoes onto trucks for hauling to markets. While working in the loading yard, a truck driven by J. F. Freight driver, Oscar Gordon crunched dirt and gravel as it drove briskly into the yard, smoke and fumes spewing from beneath his trailer tires.

Curious, Maclen and co-workers leaned down to glance beneath the smoke to find out what caused the stench and smoke. Within seconds, the pressurized braking system exploded,

freckling Maclen's face with metal shrapnel, almost exploding his eardrum, causing hearing loss and destroying the cornea of his eye. He's had his cornea replaced surgically but nothing can be done to fix his permanent hearing loss or tinnitus, ringing in his ears. His eye reddens and tears daily. He'll never see or hear normal again.

He asserts J.F. Freight caused his injuries through negligence in maintaining its truck braking system, in not training its driver to drive with the trailer brakes locked down, in causing the brakes to spew smoke and fumes, and not to intrude uninvited into the cargo loading yard with a dangerous truck. He claims also that J.F. Freight was negligent for entrusting an under-maintained truck with inadequately maintained brakes in such condition they exploded under normal working conditions if the driver denies he drove with the trailer brakes locked.

Mr. Dominguez seeks recovery of past and future income loss and medical expenses, for which he must reimburse his workers compensation carrier if not already reimbursed by the defendant, as well as past and future facial disfigurement, physical impairment for his loss of vision and hearing, physical pain, discomfort, shame, embarrassment at his facial disfigurement, humiliation, and loss of enjoyment of life.

      b.      **Defendant(s)' statement:**

The defendant denies that Oscar Gordon was negligent or that any negligence caused any injuries. The defendant maintains that the plaintiff caused or contributed to his own injuries, damages or losses by volunteering, without invitation, to look beneath the truck or trailer tires when he alleges the vehicle was spewing smoke and flames. Had Plaintiff not voluntarily assumed that risk by looking beneath the trailer, he would not have sustained the claimed injuries.

Defendant designated Summit Farms as a negligent non-party for overloading the J.F. Freight trailer.

Defendant denies that Gordon drove with trailer brakes locked, and asserts further that sometimes brakes under pressure fail for unexplained or unexpected reasons.

Defendant reserves the right to acquire the assistance of consulting experts to properly respond to the claimed injuries and damages.

   c.   **Other parties' statement:**

None applicable.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

1. On Feb. 4, 2013, Maclen Dominguez was an employee of Summit Farms in Center, Colorado.
2. At all relevant times, Mr. Gordon was in the course and scope of his employment for J.F. Freight.
3. Summit Farms' employees loaded potatoes onto the trailer driven by Gordon for J.F. Freight
4. Gordon drove the potato-loaded trailer to a Summit Farms' weigh-station where he was informed that Summit Farms' employees had overloaded the trailer as cargo weight was over legal limits for public roadways.
5. Gordon drove the trailer back to the Summit Farms' loading yard to have some potatoes removed so his trailer would not exceed weight limitations.
6. Dominguez was working at the cargo yard for Summit Farms when Gordon drove his tractor-trailer into the area.

7. Dominguez leaned down to look beneath the trailer and was beneath the trailer when he was injured.

8. Gordon never asked Dominguez to look beneath the trailer.

## 4. COMPUTATION OF DAMAGES

Maclen Dominguez incurred $89,121.30 in medical expenses so far. He's expected to incur future medical expenses for follow up care for his hearing and vision loss issues for the foreseeable future, which will accumulate over time as he obtains the follow up visits with his eye and ear doctors. He also seeks recovery of non-economic losses for physical impairment for his loss of vision and hearing, facial disfigurement for the spackling of his face with metal shrapnel from the J.F. Freight trailer brake system, shame and humiliation arising from the facial disfigurement, physical pain from the explosion, mental distress at not being able to see or hear clearly, at the constant ringing in his ears, his eye constantly reddening and tearing, and loss of enjoyment of life for which Colorado has no statutory formula but which permits juries to consider *per diem* calculations to translate such factors into recoverable economic terms in verdicts based on the amount of pain experienced on a periodic basis, such as hourly, daily, weekly, monthly or yearly from the date of loss for his lifetime. The jury will be entrusted to make fair and reasonable calculations for all such damages.

## 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R.Civ. P. 26(f)

a. **Date of Rule 26(f) meeting:** June 1, 2016

b. **Names of each participant and each party represented:** Richard M. Kaudy

(Plaintiff) and Charles E. Weaver/Andrew K. Lavin (Defendant).

c. **Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1)**:

None applicable; disclosures have occurred.

d. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Plaintiff – April 28, 2016; first supplement June 14, 2016.

Defendant – June 7, 2016

e. **Statement concerning any agreements to conduct informal discovery:**

No formal agreement has occurred. Plaintiff is attempting to schedule a joint inspection of the Summit Farms' facility. In addition, Plaintiff has offered to work with his health care professionals to set up telephone calls with all counsel on the call assuming the medical providers agree to this approach rather than a deposition. The plaintiff also volunteers to coordinate informal interviews with other Summit Farms workers involved in the occurrence, such as Randy Lopez, and management from Summit Farms, in order to economize on discovery expenses if possible. Defendant believes that depostions under oath are preferred.

f. **Statement concerning any agreements or proposals regarding electronic discovery:**

None applicable. The parties do not anticipate any electronic discovery in this matter.

g. **Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

See section 5.e. In addition, counsel will attempt to group depositions to limit travel costs.

h. **Statement regarding use of the unified exhibit numbering system:**

Parties are required, to use the unified exhibit numbering system. A unified exhibit numbering system means that each exhibit is given only one arabic number throughout the litigation and that number is used no matter who presents or offers it. If counsel wish to learn more about this system, upon request, I will provide further explanation and the names of attorneys who have used it to their satisfaction

i. **Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests.**

Plaintiff intends to:

| Task | Cost |
|---|---|
| Issue written discovery | 100 bucks for filing fees, if any |
| Defend written discovery | Filing fee costs |
| Depose Oscar Gordon | $1,500 |
| Depose J.F. Freight 30 (b) (6) designee | Air fare and fees if travel required |
| Obtain copies of defense depositions | $1,500 based on length of transcripts |
| Retain forensic engineer | $10,000 |
| Depose defense experts | $7,500 |
| Attorneys' fees: Contingent on recovery | |
| File and defend motions if need be | |
| Depose John Hindes, Pinnacol investigator | $750 |
| Total: $21,500 | |
| | |
| | |
| | |
| | |

Defendant intends to do the following:

| Task | Cost |
|---|---|
| Written discovery to Plaintiff | $150-300 |
| Respond to written discovery | $1,000-$2,000 |
| Depose Plaintiff | $1,500-$2,000 |
| Depose Socorro Aguilar (wife) | $500-1,000 |

| | |
|---|---|
| Depose Randy Lopez (witness) | $1,000-$1,500 |
| Potentially Depose Jared Meyers (Employer) | $500-1,000 |
| Potentially depose Jeremey Tolsma (Repair estimate) | $500-1,000 |
| Potentially depose Dr. Drucker | $2,000-$4,000 (do not know rates) |
| Potentially depose Dr. Wise | $2,000-$4,000 (do not know rates) |
| Depose other health care providers as their importance becomes known | Unknown |
| Depose retained experts | Unknown |
| Costs related to engineer expert | $2,500-$5,000 |
| Costs related to economist report | $2,500-$5,000 |
| Costs related to health care report | $5,000-$7,500 |
| **TOTAL** | **$19,150-$34,300** |

## 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

**a.  Deadline for Joinder of Parties**

July 29, 2016.

**b.  Deadline to Amend Pleadings**

July 29, 2016.

**c.  Discovery Cut-off**

December 30, 2016

**d.  Dispositive Motion Deadline**

January 27, 2017

**e.  Expert Witness Disclosure**

**(1)  Statement regarding anticipated fields of expert testimony, if any:**

Plaintiff anticipates a forensic engineer, eye and ear doctors, rebuttal experts

as needed. Defendant anticipates responsive experts.

**(2)  Statement regarding any limitations proposed on the use or number of expert witnesses:**

        A party may not designate multiple retained experts in the same field.

(3)    The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 28, 2016. The plaintiff already has disclosed treating medical doctors as experts and will supplement them as on-going medical care continues. Defendant reserves the right to dispute the adequacy of those disclosures.**

(4)    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 28, 2016**.

(5)    All designations of experts shall include a statement describing the methodology to be used by the particular expert. *Daubert/Kumho Tire* motions challenging any proposed methodology may be considered before the expert is deposed. Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

(6)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**f.**    **Deposition Schedule**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Oscar Gordon/Rule 30 B 6 designee of J.F. Freight | TBD | | 2-4 hour maximum |
| Plaintiff | TBD | | 7 hours (translator needed) |
| Socorro Aguilar | TBD | | 1-2 hours |
| Randy Lopez and John Hindes | TBD | | 2-3 hours |
| Non-retained experts/retained experts | TBD | | Unknown at this time |

Other people may be deposed as their importance is learned.

**g.    Interrogatory Schedule**

Interrogatories must be sent by November 25, 2016.

**h.    Schedule for Request for Production of Documents**

Requests for Production must be sent by November 25, 2016.

**i.    Discovery Limitations**

**(1)    Any limits any party proposes on the length of any deposition:**

The presumptive limits shall apply. It should be noted that certain depositions may require assistance of a translator that significantly increase the length of depositions. The parties reserve the right to modify the presumptive limit if translation causes prejudice.

**(2)    Any modifications any party proposes on the presumptive numbers of  depositions or interrogatories contained in the federal rules:**

The presumptive limits shall apply.

**(3)   Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions:**

The presumptive limits shall apply.

**j.   Other Planning or Discovery Orders**

None applicable.

## 7.  SETTLEMENT

The parties have already exchanged offers.  The parties certify that they have discussed the possibility for a prompt settlement or resolution of the case by alternate dispute resolution. A parallel action in inter-company arbitration is complicating settlement from Defendant's perspective. The parties believe a settlement conference would be beneficial, but likely not until after expert disclosures. The parties are also open to using a privately retained mediator.

## 8.  OTHER SCHEDULING ISSUES

**a.   Statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:**

None at this time.

**b.   Statement of anticipated motions-to be filed, by whom, estimated time of filing, and any proposed briefing schedule:**

*Plaintiff's potential motions:* Unless an agreement can be reached, the plaintiff will have to file a motion in limine precluding mention or offset of any collateral source or workers compensation benefits provided to Maclen Dominguez, and preclude evidence or argument concerning how any past or future medical expense has or will be paid. If workers compensation benefits have been reimbursed by the defendant, or by its insurer, to the workers compensation carrier, then post-verdict the court must offset from any verdict amounts if any included within the verdict for

benefits provided by the workers compensation carrier to avoid a windfall to the plaintiff and double payment by the defense carrier for the same damages.

*Defendant's potential motions:* Unless an agreement can be reached, the Defendant will have to file a motion in limine precluding Plaintiff from recovering any economic damages (including the billed amount) Defendant's insurer will likely pay to the workers compensation carrier in the near future.  Defendant may also seek an offset for prior payment of wage loss, disability, pain and suffering by its repayment to the worker compensation carrier. In addition, unless an agreement can be reached, the Defendant will file a motion in limine precluding company safety reports or news articles about the company that have been disclosed by Plaintiff as they are unrelated to this incident, are 404(b) evidence and should be precluded by rule 403.

    c.    **Statement whether trial is to the court or jury.  If a mixed trial, e.g. declaratory judgment and damages, specify which claims are to tried to a jury and which to the court.**  Jury.

### 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.  As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order.  If the parties cannot agree on such extensions, my inclination is, the absence of abuse, to be permissive.  On the contrary, I am not permissive or lenient in changing trial dates.

DATED this 30th day of June, 2016.        BY THE COURT:

_____
JOHN L. KANE
Senior U.S. District Court Judge

**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**

| | |
|---|---|
| /s/ Richard M. Kaudy | /s/ Charles E. Weaver |
| Richard M. Kaudy | Charles E. Weaver |
| Cajardo R. Lindsey | Andrew K. Lavin |
| 333 W. Hampden Ave., #850 | 1819 Denver West Drive, #265 |
| Englewood, CO. 80110 | Golden, CO. 80401 |
| (303) 623-1885 | (303) 863-7700 |
| Attorneys for Plaintiff | Attorneys for Defendant |